
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 18, 2017 at Knoxville

## STATE OF TENNESSEE v. ROXANN LEE CRUSE

**Appeal from the Circuit Court for Dyer County
Nos. 13-CR-359 & 13-CR-360     Lee Moore, Judge**

---

### No. W2016-00119-CCA-R3-CD

---

The defendant, Roxann Lee Cruse, appeals the revocation of the probationary sentence imposed for her Dyer County Circuit Court guilty-pleaded convictions of the sale of a Schedule III narcotic.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Sean P. Day, Assistant District Public Defender, for the appellant, Roxann Lee Cruse.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On February 18, 2014, the defendant pleaded guilty to two counts of the sale of Dihydrocodeinone, a Schedule III narcotic, in exchange for concurrent three-year sentences to be served on supervised probation and to be served consecutively to the defendant's prior three-year sentence in case number 08-CR-124, for a total effective sentence of six years.  In addition, the defendant was ordered to pay a $500 fine and $150 in restitution on each of the two counts.

On March 9, 2015, the defendant's probation supervisor filed a probation violation report, alleging that the defendant had violated the terms of her probation by failing to report at seven separate scheduled meetings and by failing to make monthly payments toward her fines and restitution.  On September 8, 2015, the defendant's probation supervisor again filed a violation report, alleging that the defendant had failed

to report at four additional meetings and had failed to make restitution payments in April and August.

At the January 11, 2016 revocation hearing, Jarrell Malone, the defendant's probation supervisor, testified that he began supervising the defendant in July 2008. With respect to the March 2015 violation report, Mr. Malone testified that the defendant missed seven scheduled appointments between July 2014 and February 2015. Although the defendant "called for three of these appointments," Mr. Malone noted that the defendant had a "pattern" of "miss[ing] her scheduled appointments." Mr. Malone also testified that the defendant had failed to make her monthly restitution payments. With respect to the September violation report, Mr. Malone testified that, despite his advising the defendant of the need to attend the meetings, the defendant again failed to keep four scheduled appointments between April and August 2015. The defendant also failed to make restitution payments in April and August although Mr. Malone had advised her of the need to "pay[] something even if it was [a] small amount."

On cross-examination, Mr. Malone admitted that the defendant typically met with him once a month even though it was not always on the scheduled meeting day. Mr. Malone stated that he "work[ed] around her work schedule" and allowed the defendant to select the day she wished to meet with him. Mr. Malone conceded that the defendant receives disability payments and acknowledged that he was unaware of the amounts of her monthly bills. The trial court stopped further questioning on the restitution issue, stating that it would not "revoke her just because of her failure to make the payments she's supposed to."

The defendant testified and conceded that she sometimes missed scheduled meetings with Mr. Malone, blaming her absences on car trouble and a lack of transportation, as well as the loss of several family members over the course of the past year.

On cross-examination, the defendant stated that she missed an April 2015 probation appointment because her husband had driven their only vehicle to work. She stated that she did not know any of her neighbors and therefore could not ask any of them for a ride; that she could not afford a taxi service; and that her back problems would have prevented her from walking to the probation office. The defendant testified that, aside from her husband, she had no family in the area.

At the conclusion of the hearing, the trial court made the following findings:

Now, Ms. Cru[s]e, you haven't . . . been abiding by the rules. There's no excuse for not going to the – to meet with your probation officer. The [c]ourt's not gonna accept excuses for that. And you – and you are, you know, have had two chances in this case to get it corrected before today and you still don't go and meet with your officer. Your probation is revoked. . . .

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the defendant admitted violating the terms of her probation by failing to attend scheduled meetings. Thus, the defendant conceded an adequate basis for a finding that she had violated the terms of her alternative sentence. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). Although the defendant argues that her lack of reliable transportation prevented her from complying with the terms of her probation, this court has consistently found that "the trial court need not make findings regarding a defendant's willfulness in regard to the failure to adhere to the other terms of his probation," including a failure to report as scheduled. *State v. Bobby Ray Graves, Jr.*, No. M2015-00619-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Nashville, October 30, 2015); *see also State v. Herman Majors, Jr.*, No. M2009-02087-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Aug. 19, 2010), *perm. app. denied* (Tenn. Dec. 7, 2010); *State v. Rudolph Miller Brooks, Jr.*, No. E2006-02070-CCA-R3-CD, slip

op. at 4 (Tenn. Crim. App., Knoxville, November 13, 2007).  Moreover, the trial court determined that the State sufficiently established the violations.  The record supports these determinations, and, therefore, revocation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE